**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             Criminal Case No. 07-20608
                                                               Civil Case No. 11-14034

RICHARD LAYNE LABELLE,

    Defendant.
                                                        /

**ORDER DENYING "MOTION FOR SANCTIONS," DENYING WITHOUT
PREJUDICE "MOTION REQUESTING EVIDENTIARY HEARING . . . ,"
AND DIRECTING RESPONSE TO "MOTION TO EXPAND THE RECORD"**

    Before the court are three motions by Defendant, in which he requests that the court impose sanctions against the Government, grant an evidentiary hearing, and allow him to expand the record. The time allotted for a response to each has lapsed without a filing from the Government. *See* E.D. Mich. LR 7.1(e)(2)(B). The court nevertheless determines that the motion for sanctions and the motion for an evidentiary hearing are ripe for consideration without a motion hearing, *see id.* 7.1(f)(2), and will deny both motions for the reasons stated below. However, a response is required before the court rules on the motion to expand the record, and the court will therefore order the Government to file one.

**1. Motion for Sanctions**

    Defendant first argues that the court should impose monetary sanctions pursuant to Federal Rule of Civil Procedure 11, based on the Government's filing of its response to his motion to vacate his sentence under 28 U.S.C. § 2255. Specifically, Defendant

avers that the Government did not file its response for a proper purpose because: (1) the response was filed two days past the deadline set forth in the court's briefing schedule; (2) the certificate of service incorrectly stated that Defendant, a prisoner, had been served electronically; (3) the certificate of service was post-dated by four days; and (4) the Government did not actually serve him for almost a month.

Defendant's allegations do not provide grounds for sanctions under Rule 11(c). That provision allows the court to impose "an appropriate sanction," Fed. R. Civ. P. 11(c)(1), when an attorney or unrepresented party violates Rule 11(b)(1) by falsely representing to the court that "a pleading, written motion, or other paper . . . is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," *id.* 11(b)(1). The fact that the Government's response may have been untimely filed or belatedly served does not mean that filing was made for an "improper purpose" under Rule 11(b)(1). Defendant offers no evidence, nor is there any in the response itself, that the Government filed it to harass Defendant, delay the proceedings, or increase the costs of litigation; indeed, there is nothing in the record to indicate that the Government intended anything other than to present its opposition to Defendant's motion to vacate.

Neither do the circumstances described by Defendant constitute bad-faith litigation conduct warranting sanctions under the court's inherent power. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (describing court's inherent power to award attorney's fees as sanction when "a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'" (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975))). The court cannot discern any bad faith behind the

Government's actions, which caused no lasting harm to Defendant.  The court retains the discretion to forgive the two-day delay in the filing of the response. *See* Fed. R. Civ. P. 6(b).  And while Defendant may not have been immediately served with the motion response, the court granted on that basis a one-month extension of Defendant's deadline to file a reply.  Defendant subsequently filed his reply within the prescribed period, and nowhere in that document does he allege that he had insufficient time to prepare it or was otherwise hampered by any delay in the filing or service of the response.  Thus, the court will deny Defendant's request for sanctions.

## 2.  Motion for an Evidentiary Hearing

Defendant also moves for an evidentiary hearing on his § 2255 motion before a magistrate judge.  In support of this request, he lists several issues on which he would like to conduct further factfinding, including the illegality of the images forming the basis of his child-pornography conviction, an alleged search of his residence that occurred one year before the events giving rise to his conviction, and the constitutionality of a prior conviction.

Rule 8 of the Rules Governing § 2255 Cases requires a judge to review the answer and other materials in the record "to determine whether an evidentiary hearing is warranted."  R. Gov. § 2254 Cases 8(a).  Rule 8 also allows a judge to refer a § 2255 motion to a magistrate judge "to conduct hearings and to file proposed findings of fact and recommendations for disposition."  *Id.* 8(b).  Having reviewed the pertinent materials in this case, the court sees nothing at this time that requires factual development at an evidentiary hearing, either in this court or before a magistrate judge.  Consequently, the court will deny Defendant's motion for an evidentiary hearing.

However, this denial will be without prejudice to Defendant's ability to renew his request should additional factfinding later become necessary.

### 3. Motion to Expand the Record

Defendant's final motion asks the court to take judicial notice of several specific documents: (1) a "Proof of incarceration"; (2) a "Judicial Tenure Commission Finding"; (3) a "Pro Se letter to Court of Appeals"; (4) "Correspondence" consisting of "9 letters to attorney, judge, and jailers"; (5) a "State of Michigan Docket Sheet for prior conviction"; and (6) "Works of art." (Def.'s Mot. Expand R. 2, Dkt. # 56.) Although it appears Defendant has not filed these materials with the court, he has filed three additional affidavits that he presumably wishes the court to consider also.

A judge may direct the parties under Rule 7 of the Rules Governing § 2255 Cases "to expand the record by submitting additional materials relating to the motion," R. Gov. § 2254 Cases 7(a), in the form of "letters predating the filing of the motion, documents, exhibits, . . . answers under oath to written interrogatories propounded by the judge," and "[a]ffidavits," *id.* 7(b). The court deems it necessary to consider the Government's view as to whether the record should be supplemented by the documents referenced in Defendant's motion, as well as his affidavits. *See id.* 7(c) ("The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness."). The court will therefore direct the Government to respond to Defendant's motion to expand the record.

Accordingly,

IT IS ORDERED that Defendant's "Motion for Sanctions" [Dkt. # 52] is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion Requesting Evidentiary Hearing and Referral to Magistrate Judge for Findings" [Dkt. # 54] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Government is DIRECTED to file a response to Defendant's "Motion to Expand the Record" [Dkt. # 56] on or before **June 8, 2012**. In its response, the Government should address both the relevancy and the authenticity of the documents referenced in the motion and of the three affidavits Defendant filed on the court's docket [Dkt. ## 55, 57, 58].

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: May 24, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 24, 2012, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522