**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Criminal Case No. 07-20608
                                              Civil Case No. 11-14034

RICHARD LAYNE LABELLE,

    Defendant.
                                   /

**ORDER GRANTING IN PART AND DENYING IN PART "MOTION TO
EXPAND THE RECORD," DENYING "MOTION FOR SUMMARY JUDGMENT,"
AND DENYING "MOTION FOR SANCTIONS"**

Before the court are three motions by Defendant in this proceeding under 28 U.S.C. § 2255: a motion to expand the record, a motion for summary judgment, and a motion for sanctions. The Government has, at the court's direction, filed a response to the motion to expand the record, and the time allotted for a response to the other two motions has elapsed. *See* E.D. Mich. LR 7.1(e)(2)(B). The court nevertheless determines that all three motions are ripe for determination without a motion hearing. *See id.* 7.1(f)(2). For the reasons stated below, the court will grant in part and deny in part the motion to expand the record and will deny the motion for summary judgment and the motion for sanctions.

**1. Motion to Expand the Record**

Defendant's motion to expand the record asks the court to take judicial notice of several documents: (1) a "Proof of incarceration"; (2) a "Judicial Tenure Commission Finding"; (3) a "Pro Se letter to Court of Appeals"; (4) "Correspondence" consisting of "9

letters to attorney, judge, and jailers"; (5) a "State of Michigan Docket Sheet for prior conviction"; and (6) "Works of art." (Def.'s Mot. Expand R. 2, Dkt. # 56; *see* Letter from Richard Labelle, June 6, 2012, Dkt. # 61.) Additionally, Defendant has filed with the court three affidavits he executed. In answer to the court's order that it file a response detailing any opposition to the inclusion of these items in the record, the Government indicated that it does not object to the "Proof of incarceration," but does challenge the relevancy and/or authenticity of the remaining documents mentioned in Defendant's motion; it said nothing about Defendant's affidavits.

A judge may allow the parties "to expand the record by submitting additional materials relating to the motion," but it "must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." R. Gov. § 2255 Cases 7(a), (c). Because the Government does not oppose the expansion of the record with respect to the document confirming Defendant was incarcerated in the Oakland County Jail on April 24, 2006, the court will take judicial notice of that document when deciding Defendant's § 2255 motion. Morever, the Government failed to state any objections to Defendant's affidavits—despite the court's direction that it should address those documents in its response—so the court will accept the affidavits as well. However, the court declines to include the other proposed exhibits in the record, in light of the Government's objections to them and the court's view that they are unnecessary to the disposition of this matter. The court will therefore grant Defendant's motion with respect to the proof of incarceration and affidavits but will deny the remainder of his request to expand the record.

### 2.  Motion for Summary Judgment

Defendant has also moved for summary judgment on the first, second, third, fourth, fifth, sixth, eighth, tenth, and eleventh grounds for relief asserted in his motion to vacate his sentence, arguing that there is no genuine dispute of material fact with respect to those claims.  Under Federal Rule of Civil Procedure 56, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see* R. Gov. § 2255 Cases 12 ("The Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").  "A party asserting that a fact cannot be . . . genuinely disputed must support the assertion" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c).

Defendant cannot prevail on his motion for summary judgment because, even (generously) assuming he can show an absence of a genuine fact dispute and a legal basis for ruling in his favor on the merits of his claims, he has provided no answer to potentially dispositive arguments raised in the Government's response to his § 2255 motion.  Specifically, the Government has argued that: (1) Defendant procedurally defaulted grounds one, two, three, four, five, six, ten, and eleven; and (2) this court cannot review ground eight because it was decided against Defendant during his direct appeal, *see Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) ("[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on

direct appeal absent highly exceptional circumstances, such as an intervening change in the law."). Defendant makes no attempt in his motion for summary judgment to address these arguments, so he cannot show that he is entitled to judgment as a matter of law.

### 3. Motion for Sanctions

Defendant's final motion requests the imposition of sanctions against the Government under Federal Rule of Civil Procedure 11, based on statements made in the response to his motion to vacate his sentence.[1] Specifically, Defendant avers that the Government improperly: (1) characterized his personal effects as "disturbing"; (2) referred to the role a medical examiner played in his criminal investigation; and (3) mentioned that law enforcement officers found him in possession of adult pornography.

Defendant's allegations do not provide grounds for sanctions under Rule 11(c). That provision allows the court to impose "an appropriate sanction," Fed. R. Civ. P. 11(c)(1), when an attorney or unrepresented party falsely represents to the court that a pleading, written motion, or other paper "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," *id.* 11(b)(1), and contains only those factual contentions that "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," *id.* 11(b)(3). Nowhere in Defendant's motion does he challenge the factual accuracy of the remarks to which he objects, so the Government's pleading does not run afoul of Rule 11(b)(3).

---

[1]The court has already denied one motion for sanctions by Defendant premised on the Government's filing of this same response. (*See* 5/24/12 Order, Dkt. # 59.)

Instead, Defendant argues that the Government's statements unduly prejudice the court against him. This does not amount to a showing that the response was offered for an improper purpose such as harassment or unnecessary delay.

Neither do the allegedly prejudicial remarks complained of by Defendant constitute bad-faith litigation conduct warranting sanctions under the court's inherent power. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (describing court's inherent power to award attorney's fees as sanction when "a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'" (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975))). While the Government's response attempts to cast the facts of this case in a light favorable to its position, as all litigants do, such tactics do not imply bad faith. Thus, the court will deny Defendant's request for sanctions.

Accordingly, IT IS ORDERED that Defendant's "Motion to Expand the Record" [Dkt. # 56] is GRANTED IN PART AND DENIED IN PART. It is GRANTED in that the court will include in the record the proof of incarceration from the Oakland County Sheriff's Office [Dkt. # 61, at 4] and Defendant's three affidavits [Dkt. ## 55, 57, 58]. It is DENIED in all other respects.

IT IS FURTHER ORDERED that Defendant's "Motion for Summary Judgment" [Dkt. # 60] is DENIED.

5

IT IS FURTHER ORDERED that Defendant's "Motion for Sanctions" [Dkt. # 62] is DENIED.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: June 29, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2012, by electronic and/or ordinary mail.

                                        s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522