**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                  Criminal No. 2:07-cr-20608
                                                                    Civil No. 11-cv-14034
RICHARD LAYNE LABELLE,

       Defendant.

_____/

**OPINION AND ORDER DENYING MOTION TO VACATE, DENYING PENDING
MOTIONS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On November 7, 2011, Petitioner Richard Labelle filed an amended *pro se*

motion to vacate sentence pursuant to 28 U.S.C. § 2255.  Petitioner, currently

incarcerated at the Federal Correctional Institution in Elkton, Ohio, challenges his

conviction for possession of child pornography, for which he entered a Rule 11 plea

agreement and received a 120-month sentence.  He raises eleven grounds of error, all

of which depend on his claim of ineffective assistance of counsel to overcome a

procedural bar.  The Government responds that every count is procedurally barred or

has already been litigated, and that Petitioner has not shown ineffective assistance of

counsel with regard to any of the eleven counts.  For the reasons set forth below, the

court denies the motion.

## I. BACKGROUND

Around 2:00 a.m. on May 1, 2007, Petitioner was walking in the rain in an area of

Auburn Hills that is prone to criminal activity and has little pedestrian traffic at night.

Petitioner was carrying a large duffel bag.  An Auburn Hills Police Department

patrolman observed Petitioner and approached him to conduct a welfare check and investigate possible suspicious activity. The officer asked Petitioner if he could look in the duffel bag and was told no. Petitioner refused the officer's assistance and was allowed to continue on his way. The officer then entered Plaintiff's stated identification information into his computer and determined that Petitioner had given him false identifying information. The officer enlisted the assistance of another officer and began an attempt to find, stop and ask Petitioner further questions.

The officers observed Petitioner running up an embankment from a major freeway. He had crossed the freeway on foot and was running on his hands and knees through tall weeds. Petitioner was ordered to stop, but continued to run until physically apprehended by the officers. Petitioner no longer had his duffel bag on his person. When asked where it was, he replied "it's down there," referencing the freeway, but when pressed for specifics said, "I don't know." The officers recovered Petitioner's bag in a wooded area on the opposite side of the freeway from where Petitioner was arrested.

The bag contained depictions of young children in sexual positions with pasted genitals on both male and female children and two black and white pictures of naked children. Seven images were reviewed by the Oakland County Medical Examiner's Office and were determined to be of children less than 18 years of age. The duffel bag also contained pornographic pictures of adults, photographs and newspaper clippings of children, children's heads pasted onto adult pornographic pictures, and newspaper articles about attempted and completed child abductions. The images found in

2

Petitioner's bag served as the basis for Count One of the indictment, to which Petitioner pled guilty.

On May 10, 2007, a warrant was issued to search Petitioner's residence for child sexually abusive material. The child pornography found in Petitioner's home served as basis for Count Two of the Indictment.

Prior to his guilty plea, petitioner filed two motions to suppress; one relating to the images found in his duffel bag, the other relating to the images and videos found in his home. The court denied both motions.

On August 21, 2008, Petitioner pled guilty in this court to possession of child pornography and was sentenced to 120 months in prison. As a condition of the plea, the second charge of possession of child pornography was dropped. Further, Petitioner retained his right to directly appeal the court's denial of his motions to suppress. Petitioner appealed both decisions to the Sixth Circuit Court of Appeals, where they were upheld. *United States v. Labelle*, 390 F. App'x 539, 543 (6th Cir. 2010). Petitioner then filed the pending motion. The motion alleges eleven grounds of error and claims ineffective assistance of counsel with regard to each of the eleven claims.

## I. STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). As "[§] 2255 is not a substitute for a direct

3

appeal," *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit collateral relief, *Frady*, 456 U.S. at 166.  Consequently, "[t]o prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993)).  Though non-constitutional errors are generally outside the scope of § 2255 relief, *see United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000), a petitioner can prevail on a § 2255 motion alleging non-constitutional error "by establish[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process,'" *Watson*, 165 F.3d at 488 (internal quotation marks omitted) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

### III.  DISCUSSION

Petitioner asserts eleven grounds to support his motion.  They are:

1)   The magazine images that form the basis for Count One do not violate the law and are protected speech;

2)   The descriptions of the images of child pornography in the search warrant affidavit were impossibly vague and led to an erroneous finding of probable cause;

3)   Descriptions in the search warrant affidavit were false and misleading, negating the use of the good faith exception;

4)   The police and government were not truthful in Petitioner's suppression hearing;

4

5) Petitioner's arrest was illegal;

6) Petitioner was subjected to a custodial interrogation without the benefits of his *Miranda* rights;

7) The state, acting as agents of the Federal agents, held Defendant past the time wherein charges would have been dismissed for an inability to prosecute;

8) Petitioner did not abandon his bag and the police officers impermissibly seized the bag in violation of Petitioner's Fourth Amendment rights;

9) The good faith exception is contrary to the plain language of the Fourth Amendment and should not stand;

10) Petitioner's prior conviction with the State of Michigan cannot serve as a basis to enhance Petitioner's mandatory minimum sentence;

11) Petitioner's prior conviction with the State of Michigan is infirm because he was denied counsel as his attorney of choice was forced to resign by the judge in the State matter.

The Government responds that each of the above claims is procedurally barred, excepting claim eight, which has already been litigated. The procedural bar rule states that claims not raised on direct appeal may not be raised on collateral review. *Massaro v. United States*, 538 U.S. 1690, 1693 (2003). The Government contends that because Petitioner entered a plea bargain that permitted the appeal of only the issue of the admissibility of the evidence found in his bag (count eight) and his apartment, every other count Petitioner raises is procedurally barred.

To overcome a procedural bar, Petitioner must show "cause and prejudice." *Id.* at 1693. Cause requires a showing that "some objective factor external to the defense" prevented him from raising the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), and prejudice requires that the alleged error worked to Petitioner's "actual and

5

substantial disadvantage, infecting his entire trial with error of constitutional dimensions," *United States v. Frady*, 456 U.S. 152, 170 (1982). In an attempt to meet this standard, Petitioner amended his motion to vacate to include ground twelve: that he did not receive effective assistance of counsel with regard to each of his previous eleven claims.

To support a claim that Petitioner's counsel was so deficient as to excuse his procedural default, Petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must first show that his counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. The appropriate standard by which to judge an attorney's performance is "simply reasonableness under prevailing professional norms." *Id.* at 688. If Petitioner succeeds in proving deficient performance, he must next show that the deficient performance was prejudicial. A petitioner may establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* at 687. A petitioner must show more than "some conceivable effect on the outcome of the proceeding"; he must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693-94. In the context of a plea bargain, Petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner asserts a different theory for how his attorney was ineffective for each of his eleven claims. With regard to claim one, Petitioner asserts that the images

6

retrieved in his duffel bag are not actually illegal and qualify as protected speech. This claim amounts to an "actual innocence" claim. However, Petitioner pleaded guilty to possession child pornography in his duffel bag, and has showed no deficiency of counsel that gives rise to reasonable probability that he would not have pled guilty but for counsel's error. Petitioner's ineffective assistance of counsel claim fails with regard to claim one, which is therefore procedurally barred for his failure to raise the issue on direct appeal by virtue of his having pled guilty to it.

Petitioner's second claim is that the description of the images found in his duffel bag were unconstitutionally "vague" and were therefore insufficient to serve as a basis for the search warrant executed on his apartment. Petitioner asserts that this claim invokes the "novelty" exception to the procedural bar rule. Petitioner is incorrect; vagueness claims are a regular tactic for arguing that a search warrant lacked probable cause and are in no way novel. Petitioner also does not show that his attorney was deficient with respect to this claim; in fact, defense counsel raised this argument in the second motion to suppress. Petitioner's second claim fails to overcome a procedural bar.

Petitioner's third claim is that the descriptions in the search warrant were false and misleading, and that his attorney was ineffective for not preserving an objection the court's denial of a *Franks* hearing. To warrant a *Franks* hearing, a defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit and . . . the allegedly false statement is necessary to the finding of probable cause." *United States v. Mastromatteo*, 538 F.3d 535, 545 (6th. Cir. 2008).

7

Petitioner has not made a "substantial" preliminary showing that any false statement was made, nor that any allegedly false statement was necessary to the finding of probable cause for the search warrant.  Furthermore, Petitioner's attorney asked the court for a *Franks* hearing per Petitioner's request and was denied.  It was not ineffective counsel for the attorney not to preserve the meritless issue with an objection. Petitioner has not shown ineffective assistance of counsel sufficient to overcome a procedural bar with regard to his third claim.

Petitioner's fourth claim is that the "police and government weren't truthful."  (Pl.'s Am. Mot. to Vacate 77.)  Petitioner asserts that this claim overcomes the procedural bar because his attorney was ineffective for failing to "investigate and document" a prior encounter Plaintiff alleges to have had one of the arresting officers.  (*Id.*)  Petitioner claims that his attorney "could have sought investigative funds" and had he done so he would have "hit pay dirt."  (*Id.*)  Under *Strickland*, in order to prove ineffective assistance of counsel, an attorney must make an error so serious that he is no longer functioning as the counsel guaranteed under the Sixth Amendment.  466 U.S. at 687.  Petitioner's attorney made no grave error by declining to pursue investigative funds to delve into the particulars of a year-old arrest unrelated to the charge at hand.  Further, Petitioner claims that he had already "secured all the needed proofs" to show that the officer was a "bad cop," in which case there would have been no need for Petitioner's attorney to investigate further.  (Pl.'s Am. Mot. to Vacate 77.)   Petitioner has never presented his attorney or this court with any of this "proof."  Petitioner has not shown ineffective assistance of counsel and claim four is procedurally barred.

8

Petitioner's fifth claim is that his arrest was illegal and his attorney ineffective for failing to raise this claim, which "is a predicate wrong" for other elements of his defense. (*Id.* at 78.)  However, Petitioner's attorney did challenge the original *Terry* stop and seizure of Petitioner's duffel bag, and the court ruled that "even if the court were to find a violation of Defendant's Fourth Amendment right in connection with the *Terry* stop, it would have no bearing on the suppression of the duffel bag."  (Op. & Order Den. Def.'s Mot. to Suppress 6, Dkt. # 17.)  Therefore, any challenge to Petitioner's original arrest does not fulfill the second element of a *Strickland* analysis, which requires a showing of a reasonable probability that but for the attorney's ineffectiveness, Petitioner would not have pled guilty and would have gone to trial.  This claim is not central to the case against Petitioner and there is no reasonable probability that Petitioner would have gone to trial even if it had been found that his original arrest was improper.  Petitioner's fifth claim does not establish ineffective assistance of counsel and is thereby procedurally barred.

Petitioner next asserts that his statements regarding the whereabouts of his duffel bag were improperly elicited because he had not been read his *Miranda* rights. However, Petitioner is unable to show actual prejudice arising from his attorney's decision not to challenge these statements.  Petitioner merely stated that his bag was "down there," and pointed with his chin to the general area between where the officer had last seen Petitioner and his current location.  Even if Petitioner's post-arrest statements were inadmissible, it would not affect the admissibility of the evidence found in Petitioner's bag.  Petitioner has not fulfilled the second element of a *Strickland* analysis and the claim is procedurally barred.

9

Petitioner's seventh claim is that he was subject to a "sham prosecution" by the state of Michigan, and that his attorney was ineffective for not challenging the "propriety and legality of the State holding [him] over-long just to soften [him] up for the Federal authorities."  (Pl.'s Am. Mot. to Vacate 80.)  Petitioner further submits that there may be a conflict of interest because the attorney was a former Oakland County Prosecutor.  (*Id.*)  These statements are purely conclusory and do not meet the burden under *Strickland*.  Petitioner's claim is procedurally barred.

Next, Petitioner claims that his bag was not abandoned and that his attorney was ineffective for failing to raise this claim on appeal.  However, judging by "reasonableness under prevailing professional norms," *Strickland*, 463 U.S. at 688, defense counsel was not deficient for failing to challenge a decision he felt to be appropriate.  Defense counsel participated in the evidentiary hearing regarding the abandonment of the duffel bag and read the Government's brief and the court's opinion concerning the issue.  It is not deficient for counsel to choose not to raise an issue deemed not to be meritorious.  Further, there is no evidence that this decision actually prejudiced Petitioner, as the Court of Appeals found that the search and seizure of the duffel bag was not constitutionally infirm.  *Labelle*, 390 F. App'x. at 543.  Petitioner has not shown ineffective assistance of counsel and claim eight is procedurally barred.

Petitioner next asserts that the good faith exception is bad law, and that his attorney should have challenged the Supreme Court decision on the issue in *Kimmelman v. Morrison*, 477 U.S. 365 (1986).  This argument is without merit.  The good faith exception is clearly good law.  *See Davis v. United States*, 131 S. Ct. 2419 (2011).

10

Petitioner claims that his prior conviction is an invalid basis for application of the mandatory minimum statutory sentence.  Petitioner has neither legal nor factual basis for his allegations, and he does not meet his burden under *Strickland*.  The claim is procedurally barred.

Petitioners final claim is that his prior conviction was infirm and should not have served to increase his sentence.  However, Defendant cannot collaterally attack prior convictions used to enhance his mandatory minimum sentence unless expressly provided with a statutory right to do so or on the basis that he was denied counsel entirely.  *Custis v. United States*, 511 U.S. 485, 493 (1994).  There is no statutorily granted right to collaterally attack his prior conviction, and Petitioner has provided no evidence that he was denied counsel in violation of his Sixth Amendment rights.  Petitioner's attorney was not deficient for failing to mount a challenge to his prior conviction and Petitioner has not met his burden under *Strickland*, so the claim remains procedurally barred.

Petitioner has failed to establish ineffective assistance of counsel sufficient to overcome the procedural bar to any of his eleven claims.

### IV.  CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find

11

the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the court concludes that reasonable jurists would not debate the court's assessment of Petitioner's claims.  Therefore, the court denies a certificate of appealability.

## V.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the "Motion to Vacate Sentence under 28 U.S.C. § 2255" is DENIED.  [Dkt. # 39]  IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to all of Petitioner's claims.  Lastly, IT IS ORDERED that Petitioner's "Motion for Authorization to Conduct Discovery," [Dkt. # 65] "Motion for a More Definite Statement," [Dkt. # 67] and "Motion to Appoint Counsel" [Dkt. # 68] are TERMINATED as moot.

s/Robert H. Cleland\
ROBERT H. CLELAND\
UNITED STATES DISTRICT JUDGE

Dated:  November 25, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 25, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner\
Case Manager and Deputy Clerk\
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\07-20608.LABELLE.Deny2255.th.set.wpd