UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 07-20608

RICHARD LABELLE,

    Defendant.
                                                        /

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO ALTER OR AMEND ORDER**

      Following the court's opinion and order denying Defendant Richard Labelle's motion to vacate, set aside, or correct his sentence, Defendant moves to alter or amend the order pursuant to Federal Rules of Civil Procedure 52(b) and 59(e). Defendant essentially seeks to relitigate his motion to vacate, and raises a host of arguments already considered and rejected by the court. For the following reasons, the court will deny Defendant's motion.

      Rule 52(b) allows the court to amend its findings after the entry of judgment. The rule is not meant to allow a party "to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). Further, Rule 52 does not apply to motions—it only applies to amending findings of fact following a trial. *See* Fed. R. Civ. P. 52(a)(3); *Byrd v. United States*, No. 12-cv-12174, 2013 WL 462326, at *2 n.1 (E.D. Mich. Feb. 7, 2013). Accordingly, to the extent that Defendant's motion relies on Rule 52(b), the court finds that he is not entitled to relief.

The court may only grant a Rule 59(e) motion if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

After reviewing Defendant's motion, it is clear that he has not met this burden. Defendant asks the court to consider evidence that lies outside the record, and raises arguments that have already been ruled on by the court, either directly or by implication. "A party cannot utilize a Rule 59(e) motion to relitigate issues the Court previously considered." *Carter v. Porter*, No. 5:08-CV-246-REW, 2012 WL 298479, at *1 (E.D. Ky. Feb. 1, 2012). He further raises no intervening changes in controlling law, and is unable to demonstrate a clear error of law in the court's analysis.

To the extent Defendant continues to argue that the child pornography found in his duffel bag was not "real" child pornography, the court rejects his argument. Defendant believes that absent the court viewing his child pornography, his guilty plea and conviction cannot stand. Not so. Defendant entered into a plea agreement with the government on August 21, 2008. (Pg. ID # 140.) As part of the agreement, Defendant admitted to possessing "two photographs of young, pre-pubescent females posing with nude adult females." (Pg. ID # 134.) At his plea hearing, the court verified with Defendant that he knew what child pornography was:

> **The Court:** In order to be child pornography it has to be a depiction of sexually explicit conduct involving minors engaging in either insidious, that means inappropriate, sexually inappropriate display of sexually explicit conduct which could include a display of genitals or graphic sexual intercourse, all of which is defined in federal law and all of which you've gone over with your attorney in great detail, I'm sure. Am I correct about those things, and do you understand those things?

>**The Respondent:** I do understand those things Your Honor, and I've even had the opportunity to look at some of the definitions in 2256.

(Pg. ID # 312.)  The court then asked Defendant whether he agreed with the factual statements in his plea agreement, including the admission to possessing photographs of young girls posing with nude adult females.  Defendant, under oath, conceded that he had in fact possessed these images.  (Pg. ID # 325.)  Defendant also acknowledged that he possessed a video of a "prepubescent girl . . . lying on a bed and engaging in various sexually explicit acts with an adult male . . . [i]ncluding sexual intercourse, [and] penetration," which formed the basis of the now-dismissed count II of the indictment.  (Pg. ID # 328.)  The photographs of pre-pubescent girls, taken in context with the video found in Defendant's home, constitutes sufficient evidence to support Defendant's guilty plea.  Accordingly,

   IT IS ORDERED that Defendant's "Motion to Alter or Amend Order" [Dkt. # 71] is DENIED.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: March 25, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 25, 2014, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522