# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.        Case No. 07-20608

RICHARD LABELLE,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Before the court is Defendant Richard LaBelle's Motion for the Early Termination of his Supervised Release or a Reduction of Conditions. (Dkt. # 83.) The Government filed a response in opposition. (Dkt. # 86) and Defendant filed a reply. (Dkt. # 87.) Having reviewed the briefs, the court concludes a hearing is unnecessary, *see* E.D. LR7.1(f)(2), and will deny the motion.

## I. BACKGROUND

Defendant was convicted for possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), a charge for which he entered a Rule 11 plea agreement. Pursuant to that agreement a second charge of possession of child pornography was dismissed by the Government. The basis for the dismissed charge was Defendant's possession of a video of a "prepubescent girl . . . lying on a bed and engaging in various sexually explicit acts with an adult male . . . [i]ncluding sexual intercourse, [and] penetration."  (Dkt. # 35, Pg. ID # 328.)

Defendant received a 120-month sentence with eight years of supervision to follow his release from prison. Defendant completed his sentence and was released from custody on January 23, 2016. Having completed approximately two years of his eight year term of supervision, Defendant asks this court to terminate or modify his conditions of supervised release. (Dkt. # 83.)

## II. STANDARD

The court may terminate or modify the conditions of supervised release under certain circumstances proscribed by statute:

> (e) Modification of conditions or revocation.--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

18 U.S.C.A. § 3583(e). The court must consider several factors from 18 U.S.C. § 3553, including whether termination or modification would account for "the nature and circumstances of the offense and the history and characteristics of the defendant," "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and/or "provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(1) & (2).

### III. DISCUSSION

Defendant asks the court to terminate his supervised release six years early. In the alternative, Defendant requests that the court change his conditions of supervised release. Specifically, he asks the court to relax his computer monitoring requirement, remove the restriction on his use of social media, remove the requirement that he must provide notice and obtain approval prior to attending church services, and discontinue the probation office's monitoring of his job interviews. (Dkt. # 83, Pg. ID 22-23.)

The Government filed a response opposing termination of Defendant's supervised release. The Government noted that Defendant's behavior was not an isolated incident—Defendant has a prior state conviction for possession of child pornography entered five years before his federal conviction. (Dkt. # 86, Pg. ID 840, 843.) The Government argues that

> "Monitoring and regulating [Defendant's] use of electronic devices and the internet are integral to ensuring his continued success while on supervised release. Also, regulating where and when he can attend particular events helps protect the public and safeguards the defendant from facing temptations that could result in a violation of supervised release."

(Dkt. # 86, Pg. ID 837, 840.)

Defendant has had many successes since his release from prison—maintaining various forms of employment even when faced with trying circumstances, aiding fellow former inmates in societal reintegration, pursuing higher educational degrees, founding a start-up company and obtaining a related provisional patent, reconnecting with his family, and sustaining his own residence. (Dkt. # 83, Pg. ID 22-23.)

The court applauds Defendant's hard work and anticipates Defendant's continued success. The court has no doubt that some of his success can be credited to the structure provided by the Probation Department and the accountability imposed by his conditions of supervised release. Temptation is much easier to tame when the tools of the vice are not readily available. And while the passage of time may reduce some urges, it may not always eliminate them—Defendant's last known relapse came five years after first conviction. The nature of Defendant's conviction is serious and his crime is one that victimizes the most vulnerable in our society. The court finds that the conditions of supervised release are serving their purpose by aiding Defendant in leading a law-abiding life and allowing him to contribute to society without posing a risk to others. To terminate or modify the terms at this early stage would not serve Defendant or the interests of justice. The court will not foreclose the possibility that modification may be warranted at a later date, but it is evident that a change in the terms of supervision in the foreseeable future would not advance Defendant's correctional treatment or adequately protect the public. Accordingly,

IT IS ORDERED that Defendant's Motion to Reduce Sentence (Dkt. # 1176) is DENIED.

        s/Robert H. Cleland        /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: June 14, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 14, 2018, by electronic and/or ordinary mail.

        s/Lisa Wagner        /
        Case Manager and Deputy Clerk
        (810) 292-6522