UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD LABELLE,

    Defendant.

_____/

Criminal Action No. 07-20608
Honorable Jonathan J.C. Grey

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF No. 109)

**I.   INTRODUCTION**

Before the Court is pro se Defendant Richard LaBelle's third motion requesting early termination of supervised release. (ECF No. 109.) The government filed a response in opposition (ECF No. 112), and LaBelle did not file a reply. The Court finds that oral argument will not aid in its disposition of the motion; therefore, it dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

For the reasons stated below, the Court **DENIES** the motion.

## II. BACKGROUND

In 2002, "[LaBelle] was convicted, in state court, of misdemeanor possession of child sexually abusive materials and using a computer to commit a crime." (ECF No. 92, PageID.884.) Then, in 2007, LaBelle was indicted on two counts of possession of child pornography. (ECF No. 5.) LaBelle pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (ECF No. 30, PageID.167.) Pursuant to the plea agreement, the government dismissed the second count. (*Id.*) LaBelle received a 120-month prison sentence followed by an eight-year term of supervised release. (*Id.*, PageID.168–169.) LaBelle was released from custody on January 23, 2016, and his supervision began.

On June 10, 2019, the United States Probation Office (USPO) filed a request to modify LaBelle's conditions of supervision. (ECF No. 96.) "With no objection from the government, [the] Court modified La[B]elle's supervision to remove the requirement for computer monitoring, for work purposes only." (ECF No. 112, PageID.967 (citing ECF No. 96, PageID.905–906).) Four months later, the USPO filed a violation report charging LaBelle with testing positive for cocaine, visiting an adult

pornographic website, and consuming alcohol. (*Id.*, PageID.967 (citing ECF No. 97, PageID.909).) A violation hearing was held on November 7, 2019, during which LaBelle admitted to each violation. (ECF No. 107.) As a result, Judge Cleland sentenced LaBelle to 90 days in a Residential Reentry Center (RRC) and eight years of supervised release. (*Id.*) LaBelle's supervised release is now set to expire on November 6, 2027. (ECF No. 112, PageID.968.)

On February 17, 2022, LaBelle again tested positive for drugs. (ECF No. 108.) According to a supervision report dated June 23, 2022, LaBelle:

> "[C]ontinued to struggle off and on with cocaine use. As a result, treatment was increased from individual sessions to weekly group sessions. His drug testing was also increased to weekly random testing at the treatment facility as well as random testing being conducted by the probation department. He has been able to remain sober for two to three weeks at a time before relapsing into further use. He has submitted positive drug screens on four occasions and admitted use without testing on three occasions. He has submitted 14 negative tests. He has never denied use of cocaine. It is clear that drug use remains his biggest issue. While his conduct is more self-destructive, he has been reminded that drug use could also pose a risk to others and remains a concern.

(*Id.*, PageID.930.) The Court subsequently required LaBelle to reside in an RRC for 180 days. (*Id.*)

3

LaBelle asserts that, although his record on supervised release is not perfect, he has "complied with all financial obligations [and] requirements for work … [and] has formed stable community relationships, re-established residence, and family ties." (ECF No. 109, PageID.939.) Further, he states that he "completed sex offender treatment, attends AA meetings regularly, has a sponsor in that program, and is active in the recovery community." (*Id.*) LaBelle also contends that his previous relapses were:

> [D]ue to the consequences of his de facto 20 years of living under the dark cloud; held back in career and life, and despite being an [h]onorably discharged veteran with 13 years of service, earning a BSEE at UofM, earning a degree from Kent State while incarcerated, attending MIT for the last 2 years for a Masters Degree, working at a non-profit for half pay, paying third parties thousands of dollars in monitoring fees for phones and computers, with boatloads of ambition and hope for the future and a better life, has been held back due to the rules of [s]upervision.

*(Id.*, PageID.939–940.)

Since 2017, LaBelle has worked "for Detroit Employment Solutions Inc, (DESC)" as "the top[-]level support person for the DESC Case Management and Data System, and the senior Software Developer on staff … for Mayor Michael Duggan's Workforce Development Board and DESC." (*Id.*, PageID.935.) LaBelle asserts that, despite having

4

"credentials and [a] background [that] indicate that he can hold a higher position," the requirement of supervised release, specifically "that he inform [an] employer of the past offense," has led to four higher-paying employment offers being withdrawn. (*Id.*) LaBelle also claims that "he tried three times to obtain his [d]rivers [l]icense but has been denied because he is still on supervision" and that he "is still unable to attend church on-a-whim." (*Id.*, PageID.943.)

Ultimately, LaBelle argues that, "[d]espite having some of the most professional persons, and helpful persons, and caring persons, the policies of the US Probation Department and the conditions of release are a ball-and-chain, and a boot on [his] neck[] that inhibits better employment, socialization, and financial growth, at this stage in [his] life." *(Id.*, PageID.943–944.)

### III. LEGAL STANDARD

A district court may, "after considering a subset of the sentencing factors set forth in [18 U.S.C.] § 3553(a), terminate a term of supervised release 'at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Hale*, 127

5

F.4th 638, 640 (6th Cir. 2025) (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quoting *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020)). The relevant § 3553(a) factors a court must consider are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established from the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Tavarez*, 141 F.4th 750, 756 (6th Cir. 2025) (citing § 3583(e); § 3553(a)(1), (2)(B)–(D), (4)–(7)). Further, a district court may "consider whether a defendant exhibited 'exceptionally good behavior' when exercising its broad discretion to resolve motions for early termination of supervised release." *Hale*, 127 F.4th at 641.

## IV. ANAYLSIS

Having reviewed the record in this case, multiple facts reflect well on LaBelle, including his desire to find higher-paying employment, continued education, and involvement in the recovery community. The Court commends LaBelle for his efforts and recent compliance with the conditions of his supervision.

"However, the test for securing an early termination of supervised release is strict." *United States v. Hart*, No. 3:21-CR-126, 2025 WL 3264518, at *2 (S.D. Ohio Nov. 24, 2025). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. Laughton*, 658 F. Supp. 3d 540, 544 (E.D. Mich. 2023) (citation omitted). "Similarly, productive employment, while laudable, does not justify the termination of supervision." *Id.* (citations and internal quotation marks omitted). "If 'unblemished' post[-]release conduct warranted termination of supervised release, then 'the exception would swallow the rule,' i.e., diligent service of the full period of supervised release imposed at sentencing." *Id.* (citing *United States v. Givens*, No. CR 5:14-074-DCR, 2022 WL 2820081, at *1 (E.D. Ky. July 19,

7

2022)) (quoting *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While LaBelle alleges that "since his arrest in 2007 [he] has done nothing immoral, or illegal, … and has done nothing but fight the good fight … do[ing] good since his arrest almost 20 years ago" (ECF No. 109, PageID.944), his supervision record, as discussed above, indicates the contrary. Thus, the Court finds—pursuant to § 3583(e)(1) and the applicable § 3553(a) factors—that, although LaBelle has made meaningful progress in transitioning to life outside of prison, his request for early termination of supervised release should not be granted at this time.[1] Early termination would not be in the interest of justice, and the nature and circumstances of the offense, coupled with LaBelle's history and characteristics, strongly favor a full term of supervision.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** LaBelle's motion for early termination of supervised release. (ECF NO. 109.)

---

[1] *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (A district court need only "give some indication that it has considered the statutory factors in reviewing a motion for early termination of supervised release," rather than make explicit findings under those factors); *United States v. Gammarano*, 321 F.3d 311, 315–316 (2d Cir. 2003) (internal quotation marks and citation omitted) ("[A] statement that [the district judge] has considered the statutory factors is sufficient.").

**SO ORDERED.**

Date: December 17, 2025

**s/Jonathan J.C. Grey**
Hon. Jonathan J.C. Grey
United States District Judge

<u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 17, 2025.

<u>s/ S. Osorio</u>
Sandra Osorio
Case Manager